**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Edgar Raul Sanchez Velasquez,

Petitioner,

v.

Eric Rokosky, et al.,

Respondents.

No. CV-26-07913-PHX-KML

**ORDER**

On September 17, 2026, the court granted petitioner Edgar Raul Sanchez Velasquez's first petition for a writ of habeas corpus, ordering that he be given a bond hearing. *Edgar Raul Sanchez Velasquez v. Rokosky*, No. 2:26-cv-06364-PHX-KML, Doc. 9 (D. Ariz. Sept. 17, 2026). The immigration judge ("IJ") gave him such a hearing on September 24, 2026, and detained him as a danger because he brought a contraband cell phone into the immigration detention facility, and had been arrested for public intoxication, forcing himself inside a residence where his estranged wife was staying, and DUI. *Id*. at Doc. 11-1 (filed Sept. 25, 2026). Two days after that hearing, Velasquez filed the instant petition. (Doc. 1.)

The petition raises six grounds for relief. (Doc. 1.) Grounds One and Two mirror claims that were filed in Velasquez's previous petition. *Compare* Doc. 1 at 7 *with id*. at Doc. 9 at 7. All of the remaining grounds except Ground Five, to the extent they are cognizable in habeas, could have been brought in the prior petition given Velasquez had

been detained for seven months by the time it was filed.[1] *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1204, 1207 (9th Cir. 2022) (discussing out-of-circuit cases requiring bond hearings for aliens subject to statutory mandatory detention only when detention has become "prolonged" and suggesting six months is the earliest point at which detention could become prolonged). For that reason, the court issued an order on October 29, 2026, requiring the parties to brief whether abuse-of-the-writ doctrine applies. (Doc. 6.) Respondents invoked abuse of the writ in their answer. (Doc. 8 at 2.) Meanwhile, Velasquez filed a motion on November 16, 2026, that did not address abuse of the writ. (Doc. 9.)

"The abuse of the writ doctrine forbids the reconsideration of claims that were or could have been raised in a prior habeas petition." *Eldridge v. Howard*, 70 F.4th 543, 551 (9th Cir. 2023) (simplified). When the doctrine is raised, a second or successive habeas petition "must be dismissed unless the petitioner can show (1) cause for bringing a successive petition and that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain the claim." *Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011); *see also In re Aldama Aleman*, 182 F.4th 1064 (5th Cir. 2026) (noting court may raise abuse-of-the-writ sua sponte); *Barapind v. Reno*, 225 F.3d 1100, 1111, n.6 (9th Cir. 2000) (implying district court may dismiss for abuse of the writ sua sponte if it has "provide[d] petitioner with opportunity to respond to [the] charge"). Velasquez filed a motion after the court's order and respondents' response, but did not address abuse of the writ. The court therefore finds Velasquez's petition raised "claims that were or could have been raised in [his] prior habeas petition." *Eldridge*, 70 F.4th at 551 (simplified). And Velasquez has not presented any evidence or argument establishing "(1) cause for bringing a successive petition and that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain the claim."

[1] Ground Six raises a conditions-of-confinement claim that is not cognizable in habeas corpus proceedings and is dismissed on that basis, too. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on the circumstances of confinement may be presented in a [civil rights] action.") (citation omitted).

*Alaimalo*, 645 F.3d at 1042. Grounds One through Four and Six of the petition are therefore dismissed as an abuse of the writ.

Ground Five challenges the burden of proof at Velasquez's bond hearing on September 24. (Doc. 1 at 9.) It is denied because Velasquez has not met his burden to show an entitlement to habeas corpus. *See Lambert v. Blodgett*, 393 F.3d 943, 969 n.16 (9th Cir. 2004) ("In . . . federal habeas proceedings, it is the petitioner who bears the burden of proving his case."). Respondents explain and provide evidence that Velasquez's order of removal became final on June 4, 2026, so he is currently within the first six months of post-order detention. (Docs. 8 at 2; 8-4.) An alien's detention for six months following the beginning of the removal period is "presumptively reasonable." *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). It is unclear whether an alien can raise a colorable claim for release in the period between the mandatory 90-day detention and six months, which Velasquez is now in. *Compare Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) (the "six-month period must have expired at the time [the habeas petition] was filed in order to state a claim under *Zadvydas*"), *with Hoang Trinh v. Homan*, 333 F. Supp. 3d 984, 994 (C.D. Cal. 2018) ("The Supreme Court in *Zadvydas* outlined a 'guide' for approaching these detention challenges, not a prohibition on claims challenging detention less than six months.") (internal citation omitted). Assuming such a claim can be raised, a petitioner must make a strong showing in the 90-day-to-six-month period. *See Cesar v. Achim*, 542 F. Supp. 2d 897, 903 (E.D. Wis. 2008) ("Within the six-month window, the *detainee* must *prove* the unreasonableness of detention, and courts must accord great deference to Executive Branch determinations based on foreign policy expertise and administrative necessity.").

Velasquez has not made the strong showing necessary to prove the unreasonableness of his detention given he is still within the six-month presumptively-reasonable period. In fact, he has not attempted to make a showing on the relevant question at all. Moreover, he received a bond hearing and—given that the court's prior order did not require the burden to be shifted, *see Edgar Raul Sanchez Velasquez v. Rokosky*, No. 2:26-

cv-06364-PHX-KML, Doc. 9 (D. Ariz. Sept. 17, 2026)—he raises no claim related to that hearing that the court could address. *See* 8 U.S.C. § 1226(e); *Martinez v. Clark*, 124 F.4th 775, 779, 785-86 (9th Cir. 2024) (district courts are not permitted to "reweigh" evidence the immigration courts have considered, but do have jurisdiction over "questions of law," including the standards applied and due process rights due at bond hearings).

Respondents also invoke Velasquez's failure to administratively exhaust by completing an appeal of the bond denial as an additional reason for denying the petition. (Doc. 8 at 4.) The court declines to excuse exhaustion and that provides a final, independent reason for dismissing the petition. *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (when a petitioner has not appealed an IJ's bond decision to the BIA, "a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused."); *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007).

Accordingly,

**IT IS ORDERED** Velasquez's Motion for a Decision to Petition For a Writ of Habeas Corpus (Doc. 9) is **GRANTED**.

**IT IS FURTHER ORDERED** the petition for writ of habeas corpus (Doc. 1) is denied and dismissed. Any remaining pending motions are denied as moot. The clerk of court shall enter judgment in respondents' favor and close this case.

Dated this 25th day of November, 2026.

Krissa M. Lanham

**Honorable Krissa M. Lanham**
**United States District Judge**